THOMPSON *et al. v.* GREEN.*

(Division B. Jan. 3, 1927.)

[110 So. 788.   No. 25858.]

1. PERPETUITIES. *Devise, showing testator's intention to use word "heirs" to mean children, held not violative of law against perpetuities (Hemingway's Code, section 2269).*

   Will creating devise to children, to descend to their heirs after their death, and showing that testator's intention was to use word "heirs" to mean children, *held* not to violate the two donee statute (Hemingway's Code, section 2269) as to perpetuities.

2. WILLS. *To avoid perpetuities, courts must hold "heirs" as meaning children, when such was manifestly testator's intent.*

   In order to avoid perpetuities in construing testamentary provisions, it is duty of court to hold that word "heirs" means children, where it is manifest that such is intent of testator.

*Corpus Juris-Cyc. References: Perpetuities, 30Cyc, p. 1522, n. 16; Wills, 40Cyc, p. 1462, n. 24.

Appeal from chancery court of Lee county.

Hon. Allen Cox, Chancellor.

Suit between Mrs. Maggie Thompson and others and Dr. J. H. Green. Judgment for the latter, and the former appeals. Affirmed.

*Mitchell & Clayton,* for appellants.

Appellants contend that the use of the word "heirs" in the last two lines of this will makes it void under the provisions of the statute against perpetuities. Testator provides that his property shall be divided equally among his wife and children. The real estate given to each one is not to be sold, but is to descend to their "heirs."

The share given to his widow is to be held by her for her lifetime and at her death to descend to her children who are the children of testator, and according to the terms of the will this share which was allotted to the widow cannot be sold during the lifetime of the widow and then cannot be sold during the lifetime of her children, but must at their death go to their heirs.

This creates two life estates so far as the widow's share is concerned and the remainder does not vest in the right heirs of the remainderman but in his heirs generally. This would mean to the remotest generation. The word "heir" is to be taken in the technical sense unless there is in the will a plain demonstration that the testator used it in a different sense. *Irvine* v. *Newline,* 63 Miss. 196; 29 C. J. 293.

In the case at bar if this will is held valid, the result will be that the appellee will be unable to sell or dispose of his undivided half interest in the land. It is subject to partition only as to those in possession and the rights of the remaindermen cannot be affected. This was well settled in *Lawson* v. *Bonner,* 88 Miss. 235; *Belew* v. *Jones,* 56 Miss. 345.

The testator certainly could not have intended to have the title to his real estate so involved. To construe the

will as contended for by appellants will result in vesting title in appellants and appellee as tenants in common and the land can be sold for division of the proceeds.

To construe this will so as to render it void as contrary to the statute against perpetuities will best promote the interest of all parties concerned.

*Reporter's Note*: No brief submitted for appellee.

HOLDEN, P. J., delivered the opinion of the court.

This suit was for the purpose of selling certain lands and dividing the proceeds between the complainants and defendant below.

The determination of the case depends upon the construction of the will of John Silas Thompson, deceased. The appellants contend the will is void because it violates the rule of perpetuities. The lower court held otherwise; hence this appeal. The part of the will necessary to be construed reads as follows:

"Item 2. I desire that at my death my two oldest sons or either one of them, children of my first wife shall select one man, and my wife shall select another and the two selected shall select a third person and they the commission or arbitrator shall divide all my property both real and personal and mixed equally between my wife and each of my children share and share alike and the real estate that falls to each one, shall descend to their children that is my heirs shall not dispose of this land during their lives, but it shall descend to their heirs at their deaths."

We think the construction put upon the will by the chancellor was correct. The provision does not violate the rule against perpetuities, because it is plain that the testator intended the word "heirs," used in the provision of the will, to mean "children;" and therefore it will be seen the two donee statute (Hemingway's Code, section 2269) is not violated. The law seems to be universal that,

in construing testamentary provisions of this character, it is not only permissible, but it is the duty of the courts, to hold that the word "heirs" means "children," where it is manifest that such was the intent of the testator.

The judgment of the lower court is therefore affirmed.

*Affirmed.*